IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01030-MSK-MJW

GENEVA DEAN,

        Plaintiff,

v.

ILLINOIS NATIONAL INSURANCE COMPANY,

        Defendant.

## ORDER REMANDING ACTION

**THIS MATTER** comes before the Court *sua sponte*.

The Plaintiff commenced this action in the Colorado District Court for Denver County, alleging claims seeking reformation of an auto insurance policy. Specifically, the Plaintiff alleges that she was not offered auto insurance coverage containing enhanced Personal Injury Protection ("PIP") benefits, in violation of former C.R.S. § 10-4-708. She seeks reformation of the policy to include such enhanced benefits, and the award of such benefits, "not subject to an aggregate limit of $200,000."

The Defendant removed this action to this Court, alleging the existence of diversity jurisdiction pursuant to 28 U.S.C.§ 1332. The Defendant alleges in the Notice of Removal **(# 1)** that § 1332's amount in controversy requirement is satisfied in two respects: (i) that the Plaintiff's Prayer for Relief seeks a declaration that her entitlement to PIP benefits is "not subject to an

1

aggregate limit of $200,000"; and (ii) that the Civil Cover Sheet she filed in state court indicates that she seeks a judgment in excess of $100,000.

With regard to the first contention, the mere fact that the Plaintiff seeks enhanced PIP benefits without being subject to a $200,000 aggregate limit does not establish that the amount in controversy in this case exceeds $75,000, as required by 28 U.S.C. § 1332. For example, the Plaintiff may already have reached the $200,000 aggregate limit in the policy, and is only seeking $50,000 above that limit. In that case, the amount in controversy would not exceed $ 75,000.

With regard to the fact that the Plaintiff's Civil Cover Sheet asserts that the Plaintiff seeks a judgment in excess of $100,000, the Court finds, for the reasons set forth in *Baker v. Sears Holding Corp.*, Civil Action No. 07-cv-01106-MSK-MEH (copy attached hereto), which is deemed incorporated herein, this assertion is insufficient to establish the requisite amount in controversy to establish diversity jurisdiction.

Because the Defendant's Notice of Removal fails to adequately establish that the amount in controversy exceeds $75,000, the Defendant has failed to establish that this Court has subject-matter jurisdiction over this action. Accordingly, the action must be remanded to the State Court. *See* 28 U.S.C. § 1447(c).

**IT IS THEREFORE ORDERED** that this action is **REMANDED** to the Colorado District Court for Denver County. The Clerk of the Court shall transmit the entire case file to the Clerk of the District Court for Denver County, and shall close this case.

Dated this 5th day of October, 2007

BY THE COURT:

Marcia S. Krieger
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01106-MSK-MEH

ROSE BAKER,

        Plaintiff,

v.

SEARS HOLDINGS CORPORATION,

        Defendant.

**ORDER REMANDING CASE TO STATE COURT**

THIS MATTER comes before the Court following issuance of an Order to Show Cause **(#4)** asking the parties why the case should not be remanded to state court. Upon consideration of the parties' responses **(#5, # 6, #7)**, the Court

**FINDS** and **CONCLUDES** that:

**I. Factual and Procedural Background**

On May 4, 2007, the Plaintiff, Rose M. Baker, filed her Complaint in the District Court for Jefferson County (hereinafter, "the State Court"), seeking relief from the Defendant, Sears Holding Corporation, under the Colorado premises liability statute[1] for injuries she sustained during a trip-and-fall incident at a Sears store. In her Complaint, the Plaintiff prays for an unquantified award of damages described as "direct and consequential damages flowing from the conduct of Defendant including damages for past, present, and future physical pain . . . ; for interest as provided by law; for expert witness fees, attorneys' fees and costs; and any other relief this Court deems proper."

When she commenced the State Court action, the Plaintiff filed a Civil Cover Sheet as required by C.R.C.P. 8 (a). Although no copy of the Civil Cover Sheet is in this Court's record, its form is prescribed by the State rule. On the Civil Cover Sheet, a plaintiff is required to check one or more boxes indicating whether the

---

[1] § 13-21-115, C.R.S.

simplified procedure of C.R.C.P. 16.1 applies. Here, the parties agree that the Plaintiff checked the box which states: "This party is seeking a monetary judgment for more than $100,000 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs[.]"

The Defendant filed a Notice of Removal **(#1)** in which it invokes the Court's jurisdiction pursuant to the federal diversity jurisdiction statute, 28 U.S.C. § 1332. In the Notice of Removal, the Defendant contends this Court may exercise diversity jurisdiction because the parties are diverse and the Plaintiff's Civil Cover Sheet stating that she is seeking a monetary judgment for more than $100,000 satisfies the amount in controversy requirement of 28 U.S.C. § 1332.

This Court issued an Order to Show Cause why the case should not be remanded for failure to allege sufficient facts to establish the amount in controversy required for diversity jurisdiction. Both parties responded. The Plaintiff has no objection to this Court remanding the case. The Defendant acknowledges that the parties have not engaged in any discussions with regard to the amount in controversy, continues to rely upon the Civil Cover Sheet as a demonstration of the amount in controversy, and observes that an award of damages for the claimed injuries to Plaintiff's shoulder, arm and hand could exceed $75,000.

**II. Issue Presented**

The issue presented is whether the Defendant's reliance upon a Civil Cover Sheet filed by the Plaintiff in the State Court, and speculation as to the amount of damages the Plaintiff seeks, are sufficient to establish that the amount in controversy exceeds $75,000 in order for this Court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332.

There is no binding precedent addressing this issue. The Tenth Circuit Court of Appeals has not addressed the issue, nor has the undersigned. However, at least two other judges of this court have determined that the Civil Cover Sheet is not sufficient to establish the amount in controversy for purposes of federal diversity jurisdiction. *See Braden v. Kmart Corp.*, 2007 WL 2757628 (D. Colo. Sept. 20, 2007) (slip opinion); *Livingston v. American Family Mut. Ins. Co.*, 2007 WL 2601207 (D. Colo. Sept. 10, 2007) (slip opinion). Several other judges of this court have tangentially considered the importance of the Colorado Civil Cover sheet in determining the amount in controversy for diversity jurisdiction purposes, but none of their opinions of which the undersigned is

aware[2] have determined its sufficiency in the absence of other material facts in the notice of removal or complaint in the state court action. With deference to the reasoning of other members of this court, the undersigned addresses the issue.

### III. Analysis

**A. Jurisdiction of Federal District Courts**

Federal district courts are courts of limited jurisdiction, and must have both a constitutional and statutory basis for exercising jurisdiction. *See Lovell v. State Farm Mut. Auto. Ins. Co.,* 466 F.3d 893, 897 (10th Cir. 2006); *Estate of Harshman v. Jackson Hole Mountain Resort Corp.,* 379 F.3d 1161, 1164 (10th Cir. 2004). Consequently, courts have an independent obligation to examine their jurisdiction in every case, even when the issue of jurisdiction is not raised by any party. *See Lovell*, 466 F.3d at 897.

One statutory basis for federal court jurisdiction in civil cases is 28 U.S.C. § 1332, pursuant to which a court exercises so-called "diversity jurisdiction" over state law claims. This statute provides, in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). When a case satisfying these criteria is commenced in a state court, the defendant may move the action to federal court by filing a notice of removal. *See* 28 U.S.C. §§ 1441(a) & 1446. However, statutes which confer federal court jurisdiction – particularly removal statutes – are to be narrowly construed so as to preserve the limited role of federal courts. *See Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1094-95 (10th Cir. 2005).

For purposes of diversity jurisdiction, the matter (or amount) in controversy is determined in one of two ways, depending upon where the case was commenced. In cases initiated in federal court, a court examines the complaint and determines whether it contains factual allegations sufficient to establish the required amount in controversy. *See Adams v. Reliance Standard Life Ins. Co.,* 225 F.3d 1179, 1183 (10th Cir. 2000). In such a case,

---

[2] *See, e.g., Nichols & Comito, LLC v. Simplexgrinnell LP,* 2005 WL 1799301 (D. Colo. July 27, 2005) (unpublished)*; Henderson v. Target Stores,* 431 F. Supp. 2d 1143 (D. Colo. 2006)*; Janice W. McGrew Living Revocable Trust v. Anadarko Land Corp.,* 2006 WL 2038168 (D. Colo. Jul. 19, 2006) (unpublished); *Shylayeva-Kuchar v. Liberty Mut. Fire Ins. Co.,* 2006 WL 2942939 (D. Colo. Oct. 13, 2006) (slip op.); *Wells v. Am. Family Ins. Group,* 2006 WL 561554 (D. Colo. Mar. 3, 2006) (unpublished); *cf. Lucio v. Cuevas,* 2007 WL 1707319 (D. Colo. Jun. 12, 2007) (slip op.); *Bishelli v. State Farm Mut. Auto. Ins. Co.,* 2007 WL 1455852 (D. Colo., May 15, 2007) (slip op.).

the amount claimed by the plaintiff is presumed to be sufficient to support diversity jurisdiction. *See Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1289 (10th Cir. 2001). However, in removed cases, the amount in controversy must be evident from the allegations of either the complaint or the notice of removal.[3] *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Martin*, 251 F.3d at 1290. In a removed case, there is a strong presumption that the plaintiff has not claimed a large enough amount to confer jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 290-92 (1938). Concomitantly, there is a strong presumption against removal. *See Martin*, 251 F.3d at 1289. Indeed, when it "appears" that a district court lacks subject matter jurisdiction, it is required to remand the case to state court. 28 U.S.C. § 1447(c).

The "amount in controversy" is measured by the value of the object of the litigation. *See Lovell*, 466 F.3d at 897 (quoting *Hunt v. Washington State Apple Advertising Com'n,* 432 U.S. 333, 347 (1977)). Under the "either viewpoint rule" followed in the Tenth Circuit, such "value" can be either what the plaintiff seeks to recover monetarily, or what the cost would be to the defendant if the plaintiff in fact recovers on a request for declaratory or injunctive relief. *Id.; see also Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606-07 (10th Cir. 1940).

However, the monetary relief requested by a plaintiff is not necessarily the amount in controversy for purposes of 28 U.S.C. § 1332(a). First, as is evident by the language of the statute itself, the amount in controversy does not include an anticipated award of interest and costs in the action. 28 U.S.C. § 1332(a); *see Farmers Ins. Co., Inc. v. McClain*, 603 F.2d 821, 823 (10th Cir. 1979).[4] Therefore, if a plaintiff seeks recovery of an amount which includes interest and costs to be incurred throughout litigation of the action, then the amount requested would not accurately reflect the amount in controversy, which instead would be something less than the total amount sought.

---

[3] Pursuant to both Fed. R. Civ. P. 10(c) and C.R.C.P. 10(c), "an exhibit to a pleading" is considered to be part of that pleading "for all purposes." Thus, exhibits which are attached to a complaint or notice of removal should be treated as allegations for purposes of determining the amount in controversy. *Cf. Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991).

[4] However, where the measure of damages would include interest and costs incurred in prior litigation (*i.e.*, where a plaintiff asserts a claim for indemnification), such interest and costs can be included in computing the jurisdictional amount.

---

In addition, the amount in controversy is also limited to what a plaintiff can recover under applicable law. *See Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240-41 (1943); *see also Miera v. Dairyland Ins. Co.,* 143 F.3d 1337, 1339-40 (10th Cir. 1998).  For example, attorney fees can be included in the amount in controversy only if the underlying state law permits an award, but only a reasonable estimate may be used.  *See Miera*, 143 F.3d at 1340 (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)).  Similarly, punitive damages may be included in the amount in controversy if awardable under applicable state law, but only in the amount which the state law authorizes.  *See Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994); *Bell*, 320 U.S. at 240-41.  For instance, in Colorado personal injury actions, the amount of punitive damages which can be recovered is statutorily limited to an equivalent amount of actual damages.  § 13-21-102(1)(a), C.R.S.  Thus, in such cases, punitive damages can be counted in the amount in controversy, but only on a dollar for dollar basis in comparison to the actual damages sought.

**B. Colorado Civil Cover Sheets and Diversity Jurisdiction**

The Defendant relies solely upon the Plaintiff's Civil Cover Sheet, filed in the State Court, in invoking this Court's jurisdiction pursuant to 28 U.S.C. § 1332.  In Colorado, all plaintiffs are required to file a Civil Cover Sheet when they commence a civil action.  C.R.C.P. 8(a); Appendix to Chapters 1 to 17, Form 1.2 (JDF 601).  The purpose of the Civil Cover Sheet is to advise the state court whether the plaintiff believes that the case should be subject to the "simplified procedure" of C.R.C.P. 16.1.[5]  The form of the Civil Cover Sheet is as follows:

------------------------------------------------------------------------------------------------------------------------

| District Court _____County, Colorado<br>Court Address: | |
|---|---|
| Plaintiff(s):<br><br>v.<br><br>Defendant(s): | **COURT USE ONLY** |

---

[5] In Colorado, all civil actions are presumptively subject to a "simplified procedure" which offers a speedier and less-expensive mechanism for determination of disputes.  *See* C.R.C.P. 16.1(a)(1) & (2).  Damages are capped at $100,000.  C.R.C.P. 16.1(c).  To be excluded from this simplified procedure, a party must timely and properly elect exclusion.  C.R.C.P. 16.1(a)(2).

| Attorney or Party Without Attorney (Name and Address): | Case Number: |
|---|---|
| Phone Number:           E-mail:<br>FAX Number:           Atty. Reg. #: | Division           Courtroom |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT** | |

1.     This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.

2.   Check the boxes applicable to this case.

   ❑   Simplified Procedure under C.R.C.P. 16.1 **applies** to this case because this party does not seek a monetary judgment in excess of $100,000.00 against another party, including any attorney fees, penalties or punitive damages but excluding interest and costs and because this case is not a class action or forcible entry and detainer, Rule 106, Rule 120, or other expedited proceeding.

   ❑   Simplified Procedure under C.R.C.P. 16.1, **does not apply** to this case because (check one box below identifying why 16.1 does not apply):

     ❑   This is a class action or forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding,       **or**
     ❑   This party is seeking a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs (see C.R.C.P. 16.1(c)),       **or**
     ❑   Another party has previously stated in its cover sheet that C.R.C.P. 16.1 does not apply to this case.

3.  ❑   This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

Date: _____        _____
                                    Signature of Party or Attorney for Party

| **NOTICE** |
|---|
| ✓   This cover sheet must be filed in all District Court Civil (CV) Cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing. |
| ✓   This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint. |
| ✓   This cover sheet shall not be considered a pleading for purposes of C.R.C.P. 11. |

JDF 601   7/04   DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF
                COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT
-------------------------------------------------------------------------------------------------------------------------------------------

-

First, the Court observes what a Civil Cover Sheet is not. It is, first and foremost, not a pleading. Indeed,

the Civil Cover Sheet expressly states: "This cover sheet shall not be considered a pleading for purposes of C.R.C.P.

11." Consequently, because it is not a pleading, the Civil Cover Sheet is not "an exhibit" to nor part of the complaint under C.R.C.P. 10(c). Because it is not a pleading, it is not subject to the requirement that the signer investigate the factual or legal allegations prior to assertion. C.R.C.P. 11(a).

Second, the Court observes what the Civil Cover Sheet does not do. It allows a plaintiff to specify a type of procedure to be used in the state case based upon an election as to whether the judgment sought is greater or less than $100,000, but such election does not contain any specification as to what the components of the requested judgment are.

The Court concludes that reliance solely on the Civil Cover Sheet as a demonstration of the amount in controversy is not permissible, for several reasons. First, the law in the Tenth Circuit is clear. To determine the amount in controversy, this Court may look at the initial pleading (the complaint) or the notice of the removal. A complaint is signed and certified by counsel pursuant to C.R.C.P. 11 and a notice of removal is signed and certified by counsel pursuant to Fed. R. Civ. P. 11.[6] Although there are differences between the two rules, they share common ground in that both require counsel to conduct a reasonable inquiry before filing the document, and to certify to the best of his or her knowledge, information, and belief, that the facts and claims alleged can be supported. Because the Civil Cover Sheet does not contain such certification, it does not constitute reliable evidence of the amount in controversy. Reference to it in the notice of removal does not cure the problem because the attorney signing the notice of removal necessarily is not the attorney who made the election in the Civil Cover Sheet.

A second problem with the Civil Cover Sheet is that the election is simply too imprecise to make the requisite demonstration of the amount in controversy for purposes of diversity jurisdiction. The representation made in the Civil Cover Sheet is that the plaintiff seeks "a monetary judgment for more than $100,000 . . . including any attorney fees, penalties or punitive damages, but excluding interest and costs[.]" From this representation, the Court cannot determine what law is applicable or whether the plaintiff seeks an amount which can be recovered under the applicable law. For example, the Court cannot tell whether the plaintiff seeks punitive damages in a ratio allowed or prohibited

---

[6] The certification requirements of both C.R.C.P. 11 and Fed. R. Civ. P. 11 also apply to *pro se* litigants.

by statute, whether the plaintiff seeks attorney fees which can legally be recovered, or whether the fees are reasonable *vis a vis* the actual damages sought.[7]

In this case, the Complaint does not quantify the amount of damages requested. The Notice of Removal simply refers to the Civil Cover Sheet, which is insufficient to demonstrate that the amount in controversy exceeds $75,000. The Court then turns to the parties' responses to the Order to Show Cause as purported amendments to the Complaint and Notice of Removal. Unfortunately, neither offer additional facts to establish the amount in controversy. The Defendant speculates that given the injuries described in the state court complaint, the damages could exceed $75,000, but such is not based upon any investigation of the facts or law.

Guided by the strong presumption against removal of civil actions to federal court based upon diversity jurisdiction, and it appearing that the Court lacks subject matter jurisdiction over this action, the Court concludes that the action must be remanded to the State Court. *See* 28 U.S.C. § 1447(c).

**IT IS THEREFORE ORDERED** that the Clerk of Court is directed to **REMAND** this action to the Jefferson County District Court.

Dated this 3rd day of October, 2007

---

[7] In addition, while not the case here, where there are multiple plaintiffs or defendants, it is not possible to determine whether the aggregated amount of "more than" $100,000 on the Civil Cover Sheet would be impermissibly aggregated for purposes of 28 U.S.C. § 1332. *Cf. Lovell*, 466 F.3d at 897.